IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRIGHT OGUERI, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX-22-0741 |
| JEREMIAH KINNEY, *et al.*, | * | |
| Defendants. | * | |

***

## **MEMORANDUM OPINION**

Bright Ogueri, an inmate at Roxbury Correctional Institution (RCI), has filed suit pursuant to 42 U.S.C. § 1983, alleging officers at Maryland Reception, Diagnostic, and Classification Center (MRDCC) used excessive force against him in violation of his Eighth Amendment right to be free from cruel and unusual punishment. ECF No. 1. As Defendants, Ogueri names MRDCC Sergeants Kenny, Mack and Cockrell; and Lieutenants Reid and Boddie. *See* ECF No. 3 at 2. Ogueri seeks 20 million dollars in damages. ECF No. 1 at 7.

Defendants now move to dismiss the Complaint, arguing that Ogueri failed to exhaust his administrative remedies prior to filing suit. ECF No. 42-1 at 11. Alternatively, Defendants contend that they are immune from suit in federal court pursuant to the Eleventh Amendment to the United States Constitution; that no facts support that they used excessive force; and they are entitled to qualified immunity. *See* ECF No. 42-1. The Court informed Ogueri of his right to oppose the motion and warned him that failure to respond could result in the Court deciding the motion adversely to him. *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). ECF No. 43. Ogueri timely responded. ECF No. 44. Ogueri also moves to supplement the Complaint adding factual allegations regarding a separate incident. ECF No. 7.

The matter is now ripe for review, with no need for a hearing. *See* Loc. R. 105.6. For the following reasons, Defendants' Motion to Dismiss is granted and Ogueri's motion is denied.

I. **Background**

The Court construes the Complaint facts as true and most favorably to Ogueri. On March 14, 2022, Ogueri was placed in a cell with mold. ECF No. 1 at 2. After "pleading for cleaning supplies to no avail," Ogueri became "frustrated" and "busted the fire sprinkler." *Id.* One of the officers, who was "enraged" by Ogueri's behavior, sprayed mace into the cell. *Id.* at 3. Ogueri then placed his mattress in front of the slot in his door "to prevent being sprayed again." *Id.* When the water stopped, Defendants Kinney, Reid, Boddie, and Mack approached the cell "armed with sticks and foggers." *Id.* The Defendants ordered Ogueri to turn around so he could be handcuffed. Ogueri complied, but nonetheless, Defendant Boddie pepper sprayed him, Defendant Kinney punched him, and the other Defendants "jumped" him. *Id.*

Ogueri passed "out cold" and was dragged from the tier. *Id.* Once in the elevator, the Defendants beat him "mercilessly." *Id.* He was then taken to a holding cell where the Defendants continued to beat him. *Id.* at 3-4. During the beating, he defecated on himself. For hours, Defendants left Ogueri in his own feces, nor did they give him any medical care or the opportunity to shower. *Id.* at 4. The following day, a physician examined Ogueri and noted head trauma and a "busted and bleeding" ear drum. *Id.* at 5. A few days later, while Ogueri was readying for transport to the University of Maryland for treatment, Defendant Mack made a threatening hand gesture towards Ogueri. *Id.*

Within days of the incident, on March 24, 2022, Ogueri filed suit in this Court. ECF No. 1 at 7. Shortly thereafter, on March 27, 2022, he filed a grievance with the Inmate Grievance Office ("IGO") of the Division of Correction ("DOC"). ECF No. 42-6 at 19-20. On April 4, 2022,

2

The IGO dismissed grievance because it does not maintain jurisdiction over DPDS officials or employees. *Id.* at 3, 20; ECF No 44-1 at 6. Rather, the grievance should have been filed with the Resident Grievance Office ("RGO") for the Division of Pretrial Detention and Services ("DPDS").

He next filed a grievance on May 29, 2022 with the RGO.[1] The RGO responded on June 27, 2022, that the grievance had been received and was being investigated. ECF No. 42-6 at 15. On July 16, 2022, Ogueri filed a second grievance that refers to previously filed grievances related to the March 14, 2022, incident, and in it, asked why "no one responded to my grievances." ECF No. 44-1 at 15. For none of the initially filed grievances did Ogueri pursue any further administrative review. ECF No. 42 at 2. Ogueri agrees that he did not appeal because he felt "helpless and outnumbered" and "there's only so much [he] can do." *Id.*

## II.     Standard of Review

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts the well-pleaded allegations as true and most favorably to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'" *EEOC v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557). Although pro se pleadings are construed generously to allow for the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), courts cannot ignore a

---

[1] Although the Grievance is dated May 29, 2022, it is stamped as received by the institution on June 27, 2022. ECF No. 44-1 at 13-14.

clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2009).

"Generally, when a defendant moves to dismiss a complaint under Rule 12(b)(6), courts are limited to considering the sufficiency of allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.'" *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) (citation omitted). But, under limited circumstances, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015). In particular, a court may properly consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (citation omitted). A court may also "consider a document submitted by the movant that [is] not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines*, 822 F.3d at 166 (citations omitted). To be "integral," a document must be one "that by its 'very existence, *and not the mere information it contains*, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original). *See also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.")

### III. Analysis

Defendants first argue that Ogueri has failed to exhaust his administrative remedies. The Prisoner Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although exhaustion under § 1997e(a) is not a jurisdictional prerequisite, plaintiffs must nonetheless exhaust before this Court will hear the claim. *See Jones v. Bock*, 549 U.S. 199, 215-16 (2007); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.2d 674, 682 (4th Cir. 2005).

The exhaustion requirement "allow[s] a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Bock*, 549 U.S. at 219. The purpose of exhaustion is to encourage pursuit of administrative grievances through final denial of the claims, appealing through all available stages in the administrative process. *Chase v. Peay*, 286 F. Supp. 2d 523, 530 (D. Md. 2003). Because the Court may not consider an unexhausted claim, *see Bock*, 549 U.S. at 220, in this very real sense, exhaustion prior to federal suit is mandatory. *Ross v. Blake*, 578 U.S. 632, 639 (2016). Therefore, a court ordinarily may not excuse a failure to exhaust. *Ross*, 578 U.S. at 639 (citing *Miller v. French*, 530 U.S. 327, 337 (2000) (explaining "[t]he mandatory 'shall'. . . normally creates an obligation impervious to judicial discretion")).

Exhaustion requires completion of "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). Importantly, however, the Court must ensure that "any defects in exhaustion were not

5

procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Moreover, an inmate need only exhaust "available" remedies. 42 U.S.C. § 1997e(a); *see Ross*, 136 S.Ct. at 1855. An administrative remedy is not "available" where the prisoner, "through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (citing *Aquilar-Avellaveda*, 478 F. 3d at 1225); *Kaba*, 458 F.3d at 684.

DPDS, which operates MRDCC, maintains a grievance procedure that is available to its residents. ECF No. 42-6 at 1, 4. If a resident complaint cannot be resolved informally, the resident may submit a "Resident Complaint Form, Step I" within 15 calendar days from the date of the incident, or the date from which the resident first became aware of the issue, whichever is later. *Id.* at 5. Thereafter, the grievance must be "investigated and responded to within 20 working days of receipt of the grievance." *Id.* Forms must be submitted to the RGO "through the section Resident Council representative, the section officer, or by depositing the completed forms in an institutional mailbox." *Id.* at 6.

If a resident is dissatisfied with the outcome of the grievance at Step I, he must next avail himself of Step II by submitting a completed "Motion for Grievance Committee." *Id.* at 7. If the requested relief is denied at Step II, a resident may appeal the Committee's decision to the Warden within three days after receiving an adverse decision, by filing a "Motion to Appeal to the Warden, Step III" form. *Id.* at 8. Finally, within three working days of receiving an adverse decision by the Warden, residents may appeal to the Commissioner, known as Step IV. *Id.* at 9. A resident learns of this process upon entering the facility and is provided written instructions in the Detainee/Inmate Handbook. *Id.* at 2.

Viewing the facts most favorably to Ogueri, no evidence suggests he has exhausted administrative remedies.  The incident took place on March 14, 2022, and he filed suit in this Court ten days later, on March 24, 2022.  *Id.* at 7.  Even if Ogueri immediately filed his grievance, the facility is afforded 20 working days to investigate and respond to the grievance.  *See* ECF No. 42-6 at 5.  Thus, Ogueri could not have possibly exhausted remedies prior to filing suit.

Moreover, Ogueri first filed his grievance with the wrong agency.  The grievance was submitted to the IGO at DOC, not the RGO of the DPDS.  ECF No. 42-6 at 18-20.  Ogueri's subsequent filings to RGO, submitted in May and June of 2022, were well beyond the 15 days filing window.  ECF No. 42-6 at 14-15, 17.

But even if the Court gives Ogueri the benefit of the doubt and tolls the time between his first filing and when he learned from the IGO of his initial mistake, Ogueri still missed the filing deadline by a substantial margin.  The IGO informed Ogueri on April 4, 2022, of his error.  ECF No. 42-6 at 20.  Yet Ogueri did not file a grievance with the RGO until almost two months later, on May 29, 2022.  *Id.* at 14.  Accordingly, this and all subsequent grievances about this incident were untimely.  *See* ECF No. 42-6 at 14-15, 17.  Nor did Ogueri avail himself of any appellate processes on any of those grievances.  *Id.* at 2.  Thus, the claims must be dismissed without prejudice for failure to exhaust administrative remedies.

**IV.    Ogueri's Motion to Supplement the Complaint**

Ogueri also seeks leave to supplement this Complaint.  ECF No. 7.  But the allegations included in the proposed supplement concern a new incident that took place on May 18, 2022.  *Id.* at 1.  Although there may be some overlap regarding individuals involved in both incidents, no Defendants are clearly named in the supplement.  *See generally* ECF No. 7.  Because the new claim appears unrelated to the March 14, 2022, incident, the Court will deny leave to supplement

the Complaint. Fed. R. Civ. P. 15 ("On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."). Should Ogueri wish to pursue claims arising from the May 18, 2022, incident, he may file a separate action.

## V.     Conclusion

For the foregoing reasons, the Defendants' Motion is GRANTED, and Ogueri's motion for leave to supplement the Complaint is DENIED.   A separate Order follows.

Date:   February 22, 2024

/S/
_____
Paula Xinis
United States District Judge